UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRENT COOK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-293 RM |
| | ) | |
| KRAUSS-MAFFEI CORP., SCHNEIDER | ) | |
| ELECTRIC INDUSTRIES, SAS, and | ) | |
| SQUARE D COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Weaver v. Hollywood Casino-Aurora, Inc., 255 F.3d 379 (7th Cir. 2001). The plaintiffs' complaint does not allege the existence of jurisdiction. First, it alleges that the plaintiff is "a resident of LaPorte County, Indiana," but residency is not citizenship. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). Next, for purposes of federal diversity jurisdiction, 28 U.S.C. § 1332(c) provides that a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. While the complaint contains allegations relating to the principal places of business of defendants Krauss-Maffei Corporation and Schneider Electric Industries, SAS, it doesn't properly allege the states of incorporation of either of those defendants. In addition, the sole allegation that defendant Square D Company is "a foreign corporation, which may be wholly owned by Schneider Electric Industries, SAS," is insufficient to establish

diversity jurisdiction. Hoagland v. Sandberg, Phoenix & Von Gontard, P.C., 385 F.3d 737, 739-743 (7th Cir. 2004). Lastly, while diversity jurisdiction requires that the amount in controversy be greater than $75,000, 28 U.S.C. § 1332, the plaintiff's complaint contains no allegations about the amount at issue in this case. Johnson v. Wattenbarger, 361 F.3d 991, 993 (7th Cir. 2004).

Although the case may be subject to dismissal on these grounds, the court instead affords the plaintiff twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332. Simon v. Allstate Employee Group Med. Plan, 263 F.3d 656, 658 n.1 (7th Cir. 2001).

SO ORDERED.

ENTERED:   May 12, 2006


/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court